Return Date: No return date scheduled
Hearing Date: 12/21/2020 10:00 AM - 10:00 AM
Courtroom Number: 2302
Location: District 1 Court
          Cook County, IL

Case: 1:20-cv-06067 Document #: 1-1 Filed: 10/12/20 Page 1 of 25 PageID #:3

FILED
8/21/2020 11:28 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020CH05489

10185443

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |

Summons - Alias Summons

(08/01/18) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

GEORGE PAPPAS

(Name all parties)

v.

HAMDI, INC., et al.

Case No. 2020CH05489

☑ **SUMMONS**   ☐   **ALIAS SUMMONS**

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**

**cookcountyclerkofcourt.org**

**Summons - Alias Summons**

(08/01/18) CCG 0001 B

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

Atty. No.: 57010 (Firm ID)

Atty Name: Ryan M. Kelly/Anderson+Wanca

Atty. for: Plaintiff

Address: 3701 Algonquin Rd., Suite 500

City: Rolling Meadows

State: IL Zip: 60008

Telephone: 847-368-1500

Primary Email: buslit@andersonwanca.com

Witness: 8/21/2020 11:28 AM DOROTHY BROWN

DOROTHY BROWN, Clerk of Court

Date of Service: SEP 7, 2020

(To be inserted by officer on copy left with Defendant or other person):

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

- Richard J Daley Center
  50 W Washington
  Chicago, IL 60602

- District 2 - Skokie
  5600 Old Orchard Rd
  Skokie, IL 60077

- District 3 - Rolling Meadows
  2121 Euclid
  Rolling Meadows, IL 60008

- District 4 - Maywood
  1500 Maybrook Ave
  Maywood, IL 60153

- District 5 - Bridgeview
  10220 S 76th Ave
  Bridgeview, IL 60455

- District 6 - Markham
  16501 S Kedzie Pkwy
  Markham, IL 60428

- Domestic Violence Court
  555 W Harrison
  Chicago, IL 60607

- Juvenile Center Building
  2245 W Ogden Ave, Rm 13
  Chicago, IL 60602

- Criminal Court Building
  2650 S California Ave, Rm 526
  Chicago, IL 60608

### Daley Center Divisions/Departments

- Civil Division
  Richard J Daley Center
  50 W Washington, Rm 601
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Chancery Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Domestic Relations Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Civil Appeals
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Criminal Department
  Richard J Daley Center
  50 W Washington, Rm 1006
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- County Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Probate Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Law Division
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Traffic Division
  Richard J Daley Center
  50 W Washington, Lower Level
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

**CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | |
|---|---|
| GEORGE PAPPAS, individually and as the representative of a class of similarly-situated persons, <br> Plaintiff, <br> v. <br> HAMDI, INC. an Illinois corporation, and DPPPMG LLC, PITA PITA PREP LLC, PITA PITA HOFFMAN ESTATES, LLC, and PITA PITA LOMBARD, LLC, Illinois limited liability companies, <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    Civil Action No. 2020CH05489 <br>    **CLASS ACTION** |

## SERVICE LIST

HAMDI INC.   (assumed name Pita Pita Grill)
c/o Mustafa Hammad, Reg. Agent & President
242 Southwick Lane   (residential address)
Schaumburg, IL  60173

DPPPMG LLC (assumed name Pita Pita Mediterranean Grill – Des Plaines)
Principal Address:
242 Southwick Lane
Schaumburg, IL  60173    Mustafa Hammad, Rana I Zaid - Managers @ Southwick address
OR
c/o ZMA Legal, Reg. Agent
500 Lake Cook Rd. - STE 350
Deerfield, IL  60015

PITA PITA PREP LLC
Principal Address:
1676 Carolina Dr.   (residential address)
Elk Grove Village, IL
Reg. Agent & Manager:  Mustafa Hammad (at same address)

PITA PITA HOFFMAN ESTATES, LLC
Principal Address:
4613 West Higgins Road (actual restaurant)
Hoffman Estates, IL  60192
Reg. Agent & Manager:  Mustafa Hammad (at EGV address)

PITA PITA LOMBARD, LLC
Principal Address:
211 S. Roosevelt Road (actual restaurant)
Lombard, IL  60148
Reg. Agent & Manager:  Mustafa Hammad (at EGV address)

Return Date: No return date scheduled
Hearing Date: 12/21/2020 10:00 AM - 10:00 AM
Courtroom Number: 2302
Location: District 1 Court
        Cook County, IL

Case: 1:20-cv-06067 Document #: 1-1 Filed: 10/12/20 Page 5 of 25 PageID #:7

## CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

FILED
8/21/2020 11:28 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020CH05489

10185443

|  |  |
|---|---|
| GEORGE PAPPAS, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| HAMDI, INC. an Illinois corporation, and DPPPMG LLC, PITA PITA PREP LLC, PITA PITA HOFFMAN ESTATES, LLC, and PITA PITA LOMBARD, LLC, Illinois limited liability companies, | ) ) ) ) ) ) |
| Defendants. | ) ) |

Civil Action No. 2020CH05489

**CLASS ACTION**

### CLASS ACTION COMPLAINT

Plaintiff, GEORGE PAPPAS ("Plaintiff"), through his attorneys, brings this action on behalf of himself and all others similarly situated and alleges the following against Defendants, HAMDI, INC., DPPPMG LLC, PITA PITA PREP LLC, PITA PITA HOFFMAN ESTATES, LLC, and PITA PITA LOMBARD, LLC. ("Defendants"):

### PRELIMINARY STATEMENT

1.      This case challenges Defendants' practice of sending unsolicited automated text messages to the cellular telephones of Plaintiff and Class members in violation of the Telephone Consumer Protection Act of 1991 ("TCPA"), and the regulations promulgated thereunder by the Federal Communications Commission ("FCC").

2.      The Defendants sent at least two (2) unauthorized text message to Plaintiff's cell phone using an automatic telephone dialing system ("ATDS" or "auto-dialers") for the purpose of soliciting business from Plaintiff.

3.      The TCPA regulates, among other things, the use of ATDS.  Specifically, the TCPA prohibits the use of auto-dialers to make any call to a cellular telephone number in the absence of an emergency or the prior express consent of the person being called.  47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added).

4.      The TCPA defines ATDS as "equipment that has the capacity - (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C§ 227 (a)(1).

5.      The FCC is empowered to issue rules and regulations implementing the TCPA. The FCC has clarified that text messages qualify as "calls" under the TCPA, affirming that:

> under the TCPA, it is unlawful to make any call using an automatic telephone dialing system or an artificial or prerecorded message to any wireless telephone number.  Both the statute and our rules prohibit these calls, with limited exceptions, "to any telephone number assigned to paging service, cellular service, or any service for which the party is charged." **This encompasses both voice calls and text calls to wireless numbers including, for example, short message service (SMS) calls, provided the call is made to a telephone number assigned to such service.**

*In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Report and Order, 18 FCC Rcd. 14014, 14115 (July 3, 2003) ("*2003 Order*") (emphasis added); *see Gager v. Dell Fin. Servs., LLC,* 727 F.3d 265, 269 n.2 (3rd Cir. 2013).

6.      The FCC has further clarified that, except for calls made by tax-exempt nonprofit organizations or health care messages, any telephone call using an automatic telephone dialing system that includes or introduces an advertisement or constitutes telemarketing must have prior express written consent as provided at 47 C.F.R. § 64.1200(f)(8) to be compliant with the TCPA. 47 C.F.R. § 64.1200(a)(2). (emphasis added).  The FCC defines "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(12).

7.     The FCC has found that automated or prerecorded calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they can pay in advance or after the minutes are used. *2003 Order*, 18 FCC Rcd. 14014, 14115.

8.     The TCPA also prohibits telemarketers from making telephone solicitations to persons who have listed their telephone numbers on the National Do Not Call Registry, a database established by the FCC in 2003 to allow consumers to exclude themselves from telemarketing calls unless they consent to receive the calls in a signed, written consent.

9.     Consumers who do not want to receive telemarketing calls may indicate their preference by registering their telephone numbers on the National Do Not Call Registry. 47 C.F.R. § 64.1200(c)(2). TCPA regulation 47 C.F.R. § 64.1200(c) provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government."

10.     These registrations must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator. *Id.*

11.     Because a telephone subscriber listed on the Registry must take an affirmative step to register his or her number, a telemarketer who wishes to call a person listed on the Registry must take a similarly affirmative step, and must obtain the registrant's signed, written agreement to be contacted by the telemarketer. Id. § 64.1200(c)(2)(ii). The written agreement must also include the telephone number to which the calls may be placed. *Id.*

12.     A person whose number is on the Registry and has received more than one telephone solicitation within any twelve-month period by or on behalf of the same entity in

3

violation of the TCPA, can sue the violator and seek the greater of actual damages or $500, a figure that may be trebled for willful or knowing violations. 47 U.S.C. § 227(c)(5).

13.     Plaintiff, on behalf of himself and all others similarly situated, brings this case as a class action asserting claims against Defendants under the TCPA.

14.     Plaintiff is informed and believes, and upon such information and belief avers, that this action is based upon a common nucleus of operative facts because the unsolicited automated text messages at issue were and are being sent in the same or similar manner. This action is based on the same legal theory, namely liability under the TCPA.

15.     This action seeks relief expressly authorized by the TCPA: (a) injunctive relief enjoining Defendants from sending unsolicited automated text messages without prior express consent; (b) injunctive relief enjoining Defendants from sending unsolicited automated text messages that includes or introduces an advertisement or constitutes telemarketing without prior express written consent; and (c) an award of statutory damages in the minimum amount of $500 for each violation of the TCPA, and, in the event of finding a willful or knowing violation, to have such damages trebled, as provided by § 227(b)(3) of the Act.

## JURISDICTION AND VENUE

16.     Jurisdiction is proper pursuant to 735 ILCS 5/2-209.

17.     Venue is proper pursuant to 735 ILCS 5/2-101 in this Court because Defendants' principal place of business is located in and the cause of action arose in Cook County.

## PARTIES

18.     Plaintiff, GEORGE PAPPAS, is, and at all times mentioned herein was, a citizen of Illinois.

19.     Defendant, HAMDI, INC., is an Illinois corporation, and Defendants, DPPPMG LLC, PITA PITA PREP LLC, PITA PITA HOFFMAN ESTATES, LLC, and PITA PITA LOMBARD, LLC, are Illinois limited liability companies that operate Pita Pita restaurants in the west and northwest suburbs of Chicago.

20.     Whenever in this Complaint it is alleged that Defendants committed any act or omission it is meant that Defendants' officers, directors, members, managers, employees, and/or agents committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine normal course and scope of employment of Defendants' officers, directors, members, managers, employees, and agents.

## FACTS

21.     On or about June 12, 2020, Defendants sent Plaintiff a text message to his cellular telephone number via ATDS, as defined by 47 U.S.C. § 227(a)(l), without first obtaining Plaintiff's written consent. A true and correct copy of the screenshot of the Text is attached hereto as Exhibit A.

22.     The June 12, 2020 Text states in part: "Pita Pita: Celebrate International Falafel Day with us! Free Falafel with any order over $10 every Friday this month! #FryYay!"

23.     On or about August 1, 2020, Defendants sent Plaintiff a second text message to his cellular telephone number via ATDS, as defined by 47 U.S.C. § 227(a)(l), without first obtaining Plaintiff's written consent. A true and correct copy of the screenshot of the Text is attached hereto as Exhibit B.

24.     The August 1, 2020 Text states: "We're excited – 2 new combo deals at Pita Pita! Wrap, Fries Drink for $11/tax; Bowl and Drink for $12/tax; See ya soon!

25.     Each text message is similar in nature in that they provide promotional content for Defendants' products and were sent with the goal of enticing Plaintiff to purchase food at its restaurants.

26.     Each text is impersonal in nature and the message in each utilizes boilerplate language.  Thus, on information and belief, the Texts were sent to recipients *en masse*.

27.     Based on the foregoing, no human directed the text messages to Plaintiff's cellular number; rather, Plaintiff's number was called using a random or sequential number generator with the capacity to store or produce those numbers. In other words, on information and belief, Defendants sent or transmitted, or had sent or transmitted on its behalf, the Texts to Plaintiff's cellular telephone using an automatic telephone dialing system as defined by 47 U.S.C. § 227(b)(1)(A) and the FCC.

28.     Plaintiff never provided his cellular telephone number to any of the Defendants.

29.     Plaintiff registered his cellular telephone number with the National Do Not Call Registry on May 8, 2009 and never revoked his registration.  Plaintiff's cellular telephone is for personal use.

30.     Plaintiff never requested, desired, permitted, or otherwise provided his prior express consent or prior express written consent to Defendants to send or transmit the Texts or any other texts to his cellular telephone.

31.     As a result of receiving the Texts, Plaintiff incurred expenses to his wireless service, wasted data storage capacity, suffered the nuisance, waste of time, and aggravation that accompanies receipt of such unauthorized advertisements, and was subjected to an intrusion upon his seclusion and invasion of privacy.

32.     On information and belief, Defendants sent the Texts, or other text messages, *en masse* to a list of thousands of randomly generated cellular telephone numbers using an ATDS.

33.     On information and belief, Defendants sent the Texts, or other text messages, to Plaintiff and the Class members using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers without human intervention.

34.     On information and belief, Defendants sent the Texts, or other text messages to Plaintiff and Class members that had their telephone numbers registered in the National Do Not Call Registry.

35.     On information and belief, Plaintiff and the Class members did not provide any of the Defendants with prior express written consent to receive such text messages and, as a result, incurred expenses to their wireless services, wasted data storage capacity, suffered the aggravation that accompanies receipt of such unauthorized advertisements, and were subjected to an intrusion upon seclusion.

## CLASS ACTION ALLEGATIONS

36.     Pursuant to 735 ILCS 5/2-801, Plaintiff brings this class action on behalf of the following Classes:

### Autodialed Class

All individuals in the United States who, within the four years prior to the filing of the instant Complaint, received one or more texts to their cellular telephones from Defendants through the use of an automatic dialing system and who did not provide prior express written consent to receive such text messages.

### Do Not Call Registry ("DNC") Class

All persons whose telephone numbers were listed on the Do Not Call Registry, and to whom, during the four years prior to the filing

7

of this Complaint, more than one non-emergency call within any twelve-month period was placed by or at the direction of Defendants.

Excluded from the Class are the Defendants and their officers, directors, shareholders, members, managers, employees, and agents and members of the Judiciary. Plaintiff reserves the right to amend the class definition upon completion of class certification discovery.

37.     Class Size: Plaintiff is informed and believes, and upon such information and belief avers, that the number of persons and entities of the Class is numerous and joinder of all members is impracticable. Plaintiff is informed and believes, and upon such information and belief avers, that the number of Class members is at least forty (40) based on Defendants' use of automated and impersonal text message content sent via a telephone number with an automated message center.

38.     Commonality:  Common questions of law and fact apply to the claims of all class members. Common material questions of fact and law include, but are not limited to, the following:

a.     Whether Defendants sent non-emergency text messages to Plaintiff and the Class members' cellular telephones using an automatic telephone dialing system;

b.     Whether Defendants had prior express written consent to send its automated text messages;

c.     Whether Defendants' conduct was knowing and/or willful;

d.     Whether Defendants are liable for damages, and the amount of such damages; and

e.     Whether Defendants should be enjoined from such conduct in the future.

39.     Typicality:  Plaintiff's claims are typical of the claims of all Class members. Plaintiff received the same or other unsolicited text messages as the other Class members sent by or on behalf of Defendants advertising the availability or quality of goods and services of the

Defendants during the Class Period. Plaintiff is making the same claims and seeking the same relief for himself and all Class members based upon the same federal statute. Defendants have acted in the same or in a similar manner with respect to the Plaintiff and all the Class members by sending Plaintiff and each member of the Class the same or other text messages.

40.    <u>Fair and Adequate Representation</u>:  Plaintiff will fairly and adequately represent and protect the interests of the class. Plaintiff is interested in this matter, has no conflicts, and has retained experienced class counsel to represent the class.

41.    <u>Predominance</u>:  Common questions of law and fact predominate over any questions affecting only individual members.  Proof of commonality of facts will establish the right of each class member to recover.  Questions of law and fact common to the claims of Plaintiff and members of the class, which predominate over individual issues, include, among others:

      a.    Proof of Plaintiff's claims will also prove the claims of the Class without the need for separate or individualized proceedings;

      b.    Evidence regarding defenses or any exceptions to liability that Defendants may assert and attempt to prove will come from Defendants' records and will not require individualized or separate inquiries or proceedings;

      c.    Defendants have acted and are continuing to act pursuant to common policies or practices in the same or similar manner with respect to all Class members;

      d.    The amount likely to be recovered by individual Class members does not support individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based upon common proofs; and

      e.    This case is inherently manageable as a class action in that:

i.    Defendants identified persons or entities to receive the unauthorized text messages and Defendants' computer and business records will likely enable Plaintiff to readily identify class members and establish liability and damages;

ii.    Liability and damages can be established for Plaintiff and the Class with the same common proofs;

iii.    Statutory damages are provided for in the statute and are the same for Plaintiff and all Class members and can be calculated in the same or a similar manner;

iv.    A class action will result in an orderly and expeditious administration of claims and it will foster economics of time, effort, and expense;

v.    A class action will contribute to uniformity of decisions concerning Defendants' practices; and

vi.    As a practical matter, the claims of the Class are likely to go unaddressed absent class certification.

## COUNT I

### Violation of the TCPA, 47 U.S.C. § 227(b)(3)

42.    Plaintiff incorporates by reference paragraphs 1-44 as if fully set forth herein.

43.    The Texts Defendants sent Plaintiff and the Class members are advertisements as defined by 47 C.F.R. § 64.1200(f)(1) because they promote Defendants' property, goods, or services.

44.    Defendants and/or its agent(s) sent the Texts, or other unsolicited automated text messages to the cellular telephone number of Plaintiff and the other Class members *en masse* without their prior express written consent.

10

45. Defendants sent the Texts, or had them sent on their behalf, using an automatic telephone dialing system or device which has the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

46. Defendants utilized equipment that sent the text messages, including the Texts, to Plaintiff and other Class members simultaneously and without human intervention.

47. By sending the unsolicited text messages to Plaintiff and the Class, Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii).

48. As a result of Defendants' conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class are also entitled to an injunction against future calls by Defendants.

## COUNT II

### Willful and/or Knowing Violation of the TCPA, 47 U.S.C. § 227(b)(3)

49. Plaintiff incorporates by reference paragraphs 1-41 as if fully set forth herein.

50. The Texts Defendants sent Plaintiff and the Class are advertisements as defined by 47 C.F.R. § 64.1200(f)(1) because they promotes Defendants' property, goods, or services.

51. Defendants and/or its agent sent the Texts, or other unsolicited automated text messages to the cellular telephone number of Plaintiff and the Class members *en masse* without their prior express written consent.

52. Defendants sent the Texts, or had them sent on their behalf, knowingly using an automatic telephone dialing system or device which has the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

53. Defendants knowingly utilized equipment that sent the text messages, including the Texts, to Plaintiff and other Class members simultaneously and without human intervention.

54. Defendants knew that it did not have prior express written consent to send the Text to Plaintiff and the Class.

55. On information and belief, Defendants knew, or willfully ignored the fact, that its conduct as alleged herein violated the TCPA.

56. As a result of Defendants' conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the Class were harmed and entitled to statutory relief.

57. As a result of Defendants knowing that Plaintiff and the Class had not given prior express written consent to receive the text messages, the Court should treble the amount of statutory damages available to Plaintiff and the Class.

## COUNT III

### Violation of the TCPA, 47 U.S.C. § 227(c)
### (Do Not Call Registry)

58. Plaintiff incorporates by reference paragraphs 1-41 as if fully set forth herein.

59. On information and belief, Defendant violated 47 C.F.R. § 64.1200(c) by initiating calls for telemarketing purposes to residential and wireless telephone subscribers who had registered their telephone numbers in the National Do Not Call Registry, such as Plaintiff and the DNC Class, without instituting procedures that comply with the regulatory minimum standards as described in 47 C.F.R. § 64.1200(c)(2)(i).

60. On information and belief, Defendant never obtained prior express written permission to send Plaintiff or the DNC class members the Texts, or other text messages.

61. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the DNC Class members received more than one telephone call in a 12-month period made by or on behalf of

Defendant. As a result of Defendants' conduct as alleged herein, Plaintiff and the DNC Class suffered actual damages and, under section 47 U.S.C. § 227(c), are each entitled, *inter alia,* to receive up to $500 in damages for such violations.

62.     To the extent Defendants' misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Class.

WHEREFORE, Plaintiff GEORGE PAPPAS, individually and on behalf of all others similarly situated, demands judgment in his favor and against Defendants, HAMDI, INC., DPPPMG LLC, PITA PITA PREP LLC, PITA PITA HOFFMAN ESTATES, LLC, and PITA PITA LOMBARD, LLC, jointly and severally, as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the Class, and appoint the Plaintiff's counsel as counsel for the Class;

B.     That the Court award actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater, and award treble damages if the violations were done willfully and/or knowingly;

C.     That the Court award costs and prejudgment interest from the date the Text was sent to the date the Court enters judgment;

D.     That the Court enjoin the Defendants from additional violations; and

E.     That the Court provide such further relief as the Court may deem just and proper.

Respectfully submitted,

GEORGE PAPPAS, individually and as the representative of a class of similarly-situated persons,

By: /s/ Ryan M. Kelly
Ryan M. Kelly


**ANDERSON + WANCA**
Cook County Firm #57010
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008
Telephone: 847-368-1500
Facsimile: 847-368-1501
rkelly@andersonwanca.com

14

**EXHIBIT A**



3:30

Done                     5 of 5

873-38 >

Text Message
Today 1:15 PM

Pita Pita: Celebrate International Falafel Day with us! Free Falafel with any order over $10 every Friday this month! #FryYay!

To unsub txt STOP

**EXHIBIT B**

FILED DATE: 8/21/2020 11:28 AM   2020CH05489



**873-38** ›

Text Message
Sat, Aug 1, 12:50 PM

We're excited – 2 new combo deals at Pita Pita!

Wrap, Fries, Drink for $11/tax

Bowl and Drink for $12/tax

See ya soon!

To unsub txt STOP

   

      

Return Date: No return date scheduled
Hearing Date: 12/21/2020 10:00 AM - 10:00 AM
Courtroom Number: 2302
Location: District 1 Court
    Cook County, IL

Case: 1:20-cv-06067 Document #: 1-1 Filed: 10/12/20 Page 23 of 25 PageID #:25

## CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

FILED
8/24/2020 3:31 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020CH05489

10209608

GEORGE PAPPAS, individually and as the representative of a class of similarly-situated persons,   )
)
)
)
       Plaintiff,   )
)
     v.   )
)
HAMDI, INC. an Illinois corporation, and DPPPMG LLC, PITA PITA PREP LLC, PITA PITA HOFFMAN ESTATES, LLC, and PITA PITA LOMBARD, LLC, Illinois limited liability companies,   )
)
)
)
)
)
)
       Defendants.   )

Civil Action No. 2020CH05489

**CLASS ACTION**

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff, George Pappas, by his attorneys, respectfully moves this Court, pursuant to 735 ILCS 5/2-801, *et seq.*, to certify for class action treatment the following classes, as described in Plaintiff's Class Action Complaint:

### Autodialed Class

All individuals in the United States who, within the four years prior to the filing of the instant Complaint, received one or more texts to their cellular telephones from Defendant through the use of an automatic dialing system and who did not provide prior express written consent to receive such text messages.

### Do Not Call Registry ("DNC") Class

All persons whose telephone numbers were listed on the Do Not Call Registry, and to whom, during the four years prior to the filing of this Complaint, more than one non-emergency call within any twelve-month period was placed by or at the direction of Defendant.

Plaintiff will file a supporting Memorandum of Law in due course.

WHEREFORE, Plaintiff, George Pappas, prays that this Court enter an order pursuant to 735 ILCS 5/2-801 certifying for class treatment the class set forth herein.

Respectfully submitted,

GEORGE PAPPAS, individually, and on behalf of all others similarly situated,

By:     /s/Ryan M. Kelly
One of his Attorneys

Ryan M. Kelly
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008
Telephone: 847/368-1500
Email: rkelly@andersonwanca.com
Firm No. 57010

Counsel for the Plaintiff and the Class

2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 24, 2020, I electronically filed the foregoing Motion for Class Certification with the Clerk of the Court using the court's electronic filing system which will send notification of such filings to all counsel of record and a copy will be served upon Defendants along with the Summons and Complaint.


/s/ Ryan M. Kelly

3